```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA          )
ex rel. ERVIN LEWIS #A-63871,     )
                                  )
               Petitioner,        )
                                  )
     v.                           )    No.  11 C 5215
                                  )
DAVID REDNOUR, Warden             )
Menard Correctional Center,       )
                                  )
               Respondent.        )
```

## MEMORANDUM OPINION AND ORDER

Ervin Lewis ("Lewis") has just tendered a Petition for Writ of Habeas Corpus ("Petition") pursuant 28 U.S.C. §2254.[1] This Court has conducted the initial review called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), and it holds that the Petition should be dismissed at the outset.

Lewis has outlined in detail his travels through the Illinois state court system, pursuant to which he is now serving a prison term of natural life without parole based on his conviction on a charge of first degree murder. Much of that earlier history is irrelevant for present purposes--what controls the outcome here is (1) that his second conviction after the reversal of his initial trial and conviction was ultimately upheld by the Illinois Supreme Court's October 6, 1998 denial of

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

a petition for leave to appeal, (2) that two post-conviction petitions were then filed (the first on March 25, 1999) and each was dismissed, with the later dismissal having been upheld by the Illinois Appellate Court on August 11, 2003, and (3) that on March 21, 2005 Lewis filed a state habeas corpus petition that he says was not ultimately disposed of until an adverse Illinois Appellate Court decision was rendered on August 16, 2010.

Section 2244(d)(1) prescribes a one-year limitation period, beginning with the latest of several alternative dates set out in that subsection, within which a person who is in custody pursuant to a state court judgment can apply for federal habeas relief. Lewis is apparently proceeding from the premise that the one-year clock did not begin to tick until that last-mentioned August 2010 date, so that his current effort is timely. But that is simply wrong, for it ignores the fact that the limitations clock runs <u>both</u> before and after the tolling period prescribed by Section 2244(d)(2), which applies to "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

In that regard Lewis' one-year limitation period began to run from "the date on which the judgment [pursuant to which Lewis is in custody] became final by the conclusion of direct review or the expiration of the time for seeking such review" (Section

2

2241(d)(1)(A)). That was on January 4, 1999 (the last date for Lewis to apply to the United States Supreme Court for certiorari after the Illinois Supreme Court's October 6, 1998 turndown).

Thus more than 2-1/2 months had run on the clock by March 25, 1999, when Lewis filed his first post-conviction petition in the state court system. And that in turn left less than ten months remaining on the limitations clock. Even giving Lewis the benefit of the best scenario thereafter, in which it would be assumed that the entire 11-plus year period from (1) the March 25, 1999 filing of his first state post-conviction petition until (2) the ultimate August 16, 2010 rejection of his third post-conviction effort in the state court system came within the above-quoted tolling provision of Section 2244(d)(2),[2] Lewis' delay of just a few days less than a year before he has just sought federal habeas relief carried him a couple of months past the one year deadline.

In summary, Lewis' current Section 2254 filing comes too late. That being so, Section 2254 Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

---

[2] That most favorable an assumption seems highly doubtful, but it is made here to demonstrate that Lewis has unquestionably struck out. There is no need to look into that long interim period, given Lewis' thorough chronological account in the Petition.

3

This Court must comply with that directive.  Both the Petition and this action are dismissed with prejudice.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:  August 3, 2011