IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. ERVIN LEWIS #A-63871, )
)
         Petitioner, )
)
 v. ) No. 11 C 5215
)
DAVID REDNOUR, Warden )
Menard Correctional Center, )
)
         Respondent. )

## MEMORANDUM OPINION AND ORDER

On August 1, 2011 a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") authored by Ervin Lewis ("Lewis") arrived in the Clerk's Office and was assigned at random to this Court's calendar. In compliance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), this Court promptly engaged in an initial review of the Petition. That produced an August 3 memorandum opinion and order ("Opinion") that found the Petition had been untimely filed (outside of the one-year time limit prescribed by Section 2244(d)(1)), even if Lewis were to be credited with the maximum conceivable tolling period under Section 2244(d)(2).

Now Lewis has come forward with a motion for relief from the dismissal ordered in the Opinion, stating that the Petition had contained an important factual mistake. Petition Pt. II ¶2.A.6

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

had stated that Lewis' state habeas corpus petition (which followed his two post-conviction petitions for relief) had come to an end on August 6, 2010, when the Illinois Appellate Court upheld the trial court's dismissal of that petition. Petition Pt. II ¶¶2.A.7 and 2.A.8 confirmed that end date by stating "N/A" (not applicable) as to the taking of any further appeal. Now, however, Lewis' current motion says that in the rush of preparing the Petition for filing, he had failed to reflect that he did in fact file a petition for leave to appeal the habeas case to the Illinois Supreme Court, which denied that petition on November 24, 2010.

Under Lewis' newly-asserted timetable, no state post-conviction proceedings were "pending" (the essential criterion for tolling under Section 2244(d)(2))(1) between (a) January 4, 1999 (the last date for Lewis to have applied to the United States Supreme Court for certiorari after the Illinois Supreme Court's October 6, 1998 turndown of his direct appeal) and (b) March 25, 1999 (when Lewis filed his first post-conviction petition in the state court system) or between (c) the new November 24, 2010 termination date of his state habeas corpus efforts and (d) the July 26, 2011 date assignable to his current Petition here.[2] If those sequences had defined the only timing

---

[2] That date, rather than the August 1 date of receipt in the Clerk's Office, gives Lewis the benefit of the "mailbox rule"--see Houston v. Lack, 487 U.S. 266 (1988).

2

issue involved in the non-"pending" determination, those untolled time periods would add up to less than a year, causing the current Petition to come within the one-year limitation period prescribed by Section 2244(d)(1).

But that small adjustment does not take Lewis out of the limitations woods. As Opinion at 3 had said, the dates that Lewis had then provided made it unnecessary to look separately into the long period (more than a decade) from (1) the March 25, 1999 filing date of his first state post-conviction petition to (2) the ultimate November 24, 2010 rejection of his final state post-conviction attempt via the habeas corpus route, to see whether that period had also included some non-"pending" time. Instead the Opinion simply gave Lewis the benefit of an arguendo assumption that such was not the case, improbable though that seemed to be.

But the improbability of that entire lengthy time frame as being seamless in terms of continuity is really converted to an impossibility when attention is focused on the allegations in his federal Petition in that regard. More specifically, Petition Pt. II ¶H states that Lewis' second post-conviction petition came to an end on August 11, 2003 when the Illinois Appellate Court affirmed the Cook County Circuit Court's dismissal order, and then more than 1-1/2 years elapsed before Lewis launched his third state post-conviction attempt by initiating his habeas

3

corpus petition there on March 21, 2005.

In short, the effect of Lewis' current motion, which would knock out a few months of untolled time, pales in comparison to the major gap in tolling disclosed by Lewis' own pleading in his Petition. It therefore continues to be true that Section 2254 Rule 4 requires dismissal of the Petition, and Lewis' current motion for relief from the dismissal judgment is denied. This action remains dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 18, 2011